# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

**Filed On 5/9/06**

In re:

STEVEN WAYNE OLMSTEAD,

                Debtor.

Case No. 05-01437-DMD
Chapter 7

## MEMORANDUM REGARDING MOTION TO DISMISS

      The United States Trustee has moved to dismiss the debtor's chapter 7 petition on grounds of substantial abuse. This court has jurisdiction over the matter in accordance with 28 U.S.C. § 1334(b) and the district court's order of reference. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). I find in favor of the debtor.

      Steven Olmstead is a 59 year old medical technologist residing in Bethel. Bethel is a native town of approximately 5,000 people in remote western Alaska. Olmstead is employed by the Yukon-Kuskokwim Health Corporation.

      Olmstead filed for chapter 7 relief on October 3, 2005. His schedules reflected a surplus of monthly income over expenses of about $1,150.00. Despite this surplus, Olmstead had credit card debt of over $116,936.00. His gross income was over $85,000.00 in 2005. It was $79,999.49 for 2004 and $69,633.04 for 2003. His gross income included retention bonuses of $12,500.00 that he will no longer receive.

11 U.S.C. § 707(b), as it existed prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provided in part:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor . . .[1]

Cases interpreting § 707(b) have looked primarily at the debtor's ability to fund a chapter 13 plan. In *Zolg v. Kelly (In re Kelly),*[2] the Ninth Circuit concluded that a finding that a debtor is able to pay his debts, standing alone, supported a conclusion of substantial abuse. The Kellys had the ability to repay 99% of their unsecured debt over a three year period. In *Gomes v. United States Trustee (In re Gomes),*[3] the Bankruptcy Appellate Panel for the Ninth Circuit affirmed a bankruptcy court order dismissing a chapter 7 case when the debtor had the ability to fund a 43% distribution to unsecured creditors. However, while a debtor's ability to fund a chapter 13 plan, by itself, may be grounds for dismissal, this finding "does not *compel* a section 707(b) dismissal of the petition as a matter of law."[4] Courts

---

[1] 11 U.S.C. § 707(b) (2005) (amended effective Oct. 17, 2005, by BAPCPA, Pub. L. No. 109-8, 119 Stat. 23).

[2] 841 F.2d 908 (9th Cir. 1988).

[3] 220 B.R. 84 (9th Cir. B.A.P. 1998).

[4] *Price v. United States Trustee (In re Price)*, 353 F.3d 1135, 1140 (9th Cir. 2004) [emphasis in original].

2

consider the totality of a debtor's circumstances to determine whether substantial abuse exists, including whether the debtor has the likelihood of sufficient future income to fund a chapter 13 plan, whether the bankruptcy filing was due to illness or other calamity, whether the debtor's proposed budget is extravagant, and whether the debtor has misrepresented his financial condition.[5]

In this case, the debtor has the present ability to fund a chapter 13 plan. His initial schedules revealed the ability to pay at least $1,150.00 per month. After deducting trustee fees, his unsecured creditors would receive a 28% distribution. If the debtor's post-filing disposable income were utilized as a base, he might be able to fund a plan that would pay 45% of his unsecured debt over three years. But, as noted by the Ninth Circuit, the determination of "substantial abuse" is not a strictly mathematical determination. Here, there are a number of mitigating circumstances that warrant consideration. Mr. Olmstead has no pension or retirement benefits of substance other than social security. A heavy smoker, he will be sixty years old this July. Mr. Olmstead's job may be in jeopardy. The high wages he is currently earning are not representative of what he could earn if he were forced to relocate. Due to his employment in the Bush, he is making two to three times the wages paid to medical technologists in other states or in Alaska's urban centers. His employer has large budget deficits which must be dealt with. Given his age and salary, Mr. Olmstead may well be expendable. If he loses his job, he will have to incur the costs of setting up a new

---

[5]*Id.* at 1139-40.

3

household.  Due to Bethel's remote location, there would be no advantage to air-freighting his furnishings and possessions to Anchorage or elsewhere.  He would have no budget surplus working as a medical technologist in another location; the wages would be too low.

Considering the totality of Mr. Olmstead's circumstances, I do not find a substantial abuse under § 707(b).[6]  This case reveals an aging worker, with virtually no pension, working for an institution that is downsizing and making substantial cutbacks to its workforce.  The future for Mr. Olmstead looks difficult.  The motion of the United States trustee will, therefore, be denied.  An order will be entered consistent with this memorandum.

DATED: May 9, 2006.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: R. Crowther, Esq.
J. Ruebelman, Esq.
L. Compton, Trustee

5/9/06

---

[6] *See In re Martin*, 107 B.R. 247 (Bankr. D. Alaska 1989).

4